# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PIZARRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL M. SCHULTZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01499-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1) |

**Screening Order**

Plaintiff Jose Pizarro is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed his complaint on October 25, 2006. On November 8, 2006, plaintiff consented to jurisdiction by a U.S. Magistrate Judge.

**I.　　Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, plaintiff must set forth the legal and factual basis for his claim.

**II.    Plaintiff's Claim**

    **A.    Summary of Complaint**

Plaintiff was injured during a softball game on November 6, 2004, while he was housed at the U.S. Penitentiary at Atwater, California. After he filed this case, plaintiff was released from prison. In this complaint, plaintiff alleges deliberate indifference to his medical needs arising from a severe fracture of his upper arm, requiring surgical reduction, and a subsequent infection. Plaintiff seeks money damages, a declaratory judgment and injunctive relief.

///

**B.    Defendants.**

Plaintiff names eighteen defendants, all of whom he alleges acted with deliberate indifference to his injury, his subsequent infection, or both. Plaintiff's specific allegations are as follows:

1. Paul M. Schultz, warden of U.S.P.-Atwater, refused to intervene in plaintiff's medical treatment despite numerous complaints regarding improper medical care, improper searches and improper handcuffing of plaintiff.

2. R. Willis, Health Services Administrator, U.S.P.-Atwater, conspired with defendant J. Franco, M.D., to withhold proper post-operative treatment, including physical therapy, from plaintiff, exacerbating plaintiff's injuries.

3. B. Urbano, Health Services Practitioner, U.S.P.-Atwater, exacerbated plaintiff's injuries by requiring plaintiff to raise his broken arm during the initial examination, despite plaintiff's protests of great pain.

4. J. Franco, M.D., Clinical Director, U.S.P.-Atwater, conspired with defendant R. Willis to withhold proper post-operative treatment, including physical therapy, from plaintiff, exacerbating plaintiff's injuries.

5. Mr. Shojael, Physician Assistant, U.S.P.-Atwater, refused to care for plaintiff on December 1, 2004, when C/O Reyes sent plaintiff to health services for fever and swelling, exacerbating plaintiff's injuries.

6. Mr. Willis, Physician Assistant, U.S.P.-Atwater, exacerbated plaintiff's injuries by improperly changing plaintiff's cast and bandages without properly cleaning the wound.

7. Mr. Sielicki, Physician Assistant, U.S.P.-Atwater, exacerbated plaintiff's injuries through neglect and improper treatment that led to infection.

8. A. Tolentino, M.D., Medical Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by improperly changing plaintiff's cast and bandages without properly cleaning the wound.

///

9. Mr. Stillwell, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by handcuffing plaintiff for transport to the hospitals.

10. Mr. Hernandez, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by handcuffing plaintiff for transport to the hospitals.

11. Mr. Morgan, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by handcuffing plaintiff for transport to the hospitals.

12. Mr. Hureta, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by handcuffing plaintiff and removing his cast and bandages in the course of a search incident to a lockdown on December 19, 2004.

13. Mr. Eber, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by handcuffing plaintiff and removing his cast and bandages in the course of a search incident to a lockdown on December 19, 2004.

14. Mr. Costa, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by handcuffing plaintiff and removing his cast and bandages in the course of a search incident to a lockdown on December 19, 2004.

15. Lt. Williams, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries on November 7, 2004, by requiring plaintiff to be x-rayed while handcuffed and by removing plaintiff from the hospital on November 8, 2004, against medical advice.

16. Lt. Cobb, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by handcuffing plaintiff for transport to the hospitals and refusing to remove the handcuffs for x-rays.

17. John Doe I, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by requiring plaintiff to walk 100 yards to the medical clinic without first stabilizing plaintiff's broken arm.

18. John Doe II, Correctional Officer, U.S.P.-Atwater, exacerbated plaintiff's injuries by requiring plaintiff to walk 100 yards to the medical clinic without first stabilizing plaintiff's broken arm.

///

### C.  Supervisory and Administrative Personnel.

Plaintiff names as defendants Warden Paul J. Schultz, Health Services Administrator R. Willis, and Clinical Director, J. Franco, M.D., each of whom holds a supervisory or administrative position.  Supervisors and administrators are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  For defendants in supervisory or administrative positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief for supervisory liability, plaintiff must allege facts indicating that each supervisory defendant either personally participated in the alleged deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); *Taylor*, 880 F.2d at 1045.

Plaintiff's complaint adequately address these concerns as to Warden Schultz, alleging that although plaintiff spoke briefly with Schultz regarding his persistent fever and pain and about plaintiff's inability to convince medical staff to re-examine him, Schultz neither investigated plaintiff's complaints nor secured treatment for him.  Accordingly, plaintiff seeks to hold Schultz liable for his individual acts, not on the basis of respondeat superior.

The complaint is unclear, however, as to whether R. Willis and Dr. Franco are being sued for their direct treatment of plaintiff or only for actions taken in their supervisory capacity, including their alleged conspiracy to deny plaintiff proper treatment and physical therapy (*see* section D below).  To the extent that R. Willis and Dr. Franco are being sued solely in their supervisory capacities, the allegations of plaintiff's complaint are not sufficient to establish a cause of action against them.

### D.  Conspiracy

Plaintiff contends that defendants J. Franco, M.D., and R. Willis conspired to deny him post-operative medical care and physical therapy.  The allegations of his complaint are not sufficient

5

establish a cause of action for conspiracy against these defendants.  A conspiracy claim requires proof of "'an agreement or 'meeting of the minds' to violate constitutional rights," *see Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002), *quoting United Steel Workers of Amer. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir.), *cert. denied*, 493 U.S. 809 (1989) (*citation omitted*), as well as an "actual deprivation of constitutional rights resulting from the alleged conspiracy." *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006), *quoting Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441, *quoting United Steel Workers*, 865 F.2d at 1541.  Plaintiff alleges nothing that tends to support the existence of the alleged conspiracy other than the fact of his inadequate post-operative care and lack of physical therapy.

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy.  *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).  Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Id. at 555-56 (*internal quotation marks and citations omitted*).  A bare allegation that defendants conspired to violate plaintiff's constitutional rights is not sufficient to establish a conspiracy claim.

E.      **Eighth Amendment Claim: Deliberate Indifference to Medical Needs**

"[P]rison authorities have wide discretion regarding the nature and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  Nonetheless, "[d]eliberate indifference to a prisoner's serious illness of injury states a cause of action." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  *See*

1 *also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th
2 Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122,
3 1131 (9th Cir. 2000); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029
4 (1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX*
5 *Techs., Inc., v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  Similarly, delay of, or interference with,
6 medical treatment can also amount to deliberate indifference.  *See Jett*, 439 F.3d at 1096; *Clement*,
7 298 F.3d at 905; *Hallett*, 296 F.3d at 744; *Lopez*, 203 F.3d at 1131; *Jackson*, 90 F.3d at 332;
8 *McGuckin*, 974 F.2d at 1060.

9       A prisoner's claim of inadequate medical care rises to the level of an Eighth Amendment
10 violation when (1) "the prison official deprived the prisoner of the 'minimal civilized measure of
11 life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"
12 *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004), *quoting Hallett*, 296 F.3d at 744 (citation
13 omitted).  A prison official acts in a deliberately indifferent manner when the official "knows of and
14 disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 834
15 (1994).

16       Deliberate indifference may be manifested "when prison officials deny, delay or
17 intentionally interfere with medical treatment," or in the manner "in which prison physicians
18 provide medical care."  *McGuckin*, 974 F.2d at 1059.  When a prisoner alleges a delay in receiving
19 medical treatment, the delay must have led to further injury in order for the prisoner to make a claim
20 of deliberate indifference to serious medical needs.  *Id.* at 1060, *citing Shapely v. Nevada Bd. of*
21 *State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

22       Here, plaintiff's allegations state a cause of action for deliberate indifference to medical
23 needs with regard to the exacerbation of his injuries against all defendants, except for R. Willis and
24 Dr. Franco (*see* sections C and D above).

25       **F.**     **Equal Protection and Due Process Claims**

26       Plaintiff's brief statement of his equal protection and due process rights appears to advance
27 no claims based on the Fifth or Fourteenth Amendments.  Instead, this portion of his complaint
28 appears to be intended simply to reiterate plaintiff's constitutional right to advance his complaint.

As such, this court finds no causes of action for claims of equal protection or due process to have been stated in plaintiff's complaint.

### G. Claim for Declaratory Relief

In addition to money damages, plaintiff seeks a declaratory judgment. "A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008), *quoting Headwaters, Inc., v. Bureau of Land Mgmt., Medford Dist.*, 893 F.2d 1012, 1015 (9th Cir. 1989) (*internal quotations and citation omitted*)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir.), *cert. denied*, 474 U.S. 994 (1985) (*citations omitted*).

In this instance, plaintiff has an adequate remedy at law. Should plaintiff file an amended complaint and thereafter prevail on his claims, he is entitled to money damages. A declaratory judgment would serve no useful purpose and would not terminate the proceedings. Therefore, this action should proceed as one for damages only.

### H. Claim for Injunctive Relief

In addition to money damages, plaintiff seeks injunctive relief. Since plaintiff is no longer incarcerated, his claim for injunctive relief is moot. *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

## III. Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment for deliberate indifference to plaintiff's medical needs against all defendants except R. Willis and Dr. Franco. Plaintiff's complaint fails to establish a cause of action for conspiracy against defendants R. Willis and Dr. Franco and to establish a cause of action in due process or equal protection.

This court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants he names to the violation of his rights.

Finally, plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his claims alleging deliberate medical indifference in violation of the Eighth Amendment, plaintiff may so notify the court in writing, and the court will issue a recommendation for dismissal from this action of plaintiff's claims sounding in conspiracy, violations of due process and equal protection, and all claims against R. Willis and Dr. Franco. The court will then forward to plaintiff sixteen summonses and sixteen USM-285 forms for completion and return. Upon receipt of the completed forms, the court will direct the United States Marshal to initiate service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint fails to state (a) a cause of action under the Eighth Amendment for deliberate indifference to plaintiff's medical needs against R. Willis and Dr. Franco, (b) a cause of action for conspiracy against defendants R. Willis and Dr. Franco, and (c) a cause of action in due process or equal protection;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against all defendants except R. Willis and Dr. Franco on his Eighth Amendment claims of deliberate indifference to medical need;

4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:  October 5, 2009**            /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE