IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PIZARRO,<br><br>    Plaintiff,<br><br>    vs.<br><br>PAUL M. SCHULTZ, et al.,<br><br>    Defendants. | 1:06-cv-01499-SMS-PC<br><br>ORDER DISMISSING CASE FOR FAILURE TO OBEY COURT ORDERS<br>(Docs. 17, 19.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Plaintiff, Jose Pizarro ("Plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on October 25, 2006. (Doc. 1.) On November 8, 2006, Plaintiff consented to the jurisdiction of a Magistrate Judge, and on October 2, 2009, this action was assigned to Magistrate Judge Sandra M. Snyder for all further proceedings, including trial and entry of final judgment. (Docs. 4, 14.)

On November 10, 2009, the Court issued an order for Plaintiff to complete service documents and return them to the court, along with seventeen copies of the complaint, to initiate service of process in this action. (Doc. 17.) On December 15, 2009, Plaintiff returned the completed service documents, but he failed to submit any of the required copies of the complaint. (Doc. 18.) On January 19, 2010, the Court issued another order requiring Plaintiff to submit seventeen copies of the complaint, within thirty days, to enable service in this action to go forward. (Doc. 19.) More than forty-five days have passed, and Plaintiff has not submitted any copies of the complaint. On February 17, 2010,

1

Plaintiff submitted a notice of submission of documents form to the court. (Doc. 20.) However, Plaintiff did not submit any documents along with the form.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since October 2006. Plaintiff's failure to send any copies of the complaint to the Court, despite two Court orders requiring him to do so, may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by submitting the documents required to enable service to go forward in this action. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with the Court's orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without prejudice, based on Plaintiff's failure to obey the Court's orders of November 10, 2009 and January 19, 2010.

IT IS SO ORDERED.

**Dated:   March 5, 2010**              /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE